## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
:
DAVID WITTMAN, individually and on :
behalf of all others similarly situated, : CASE NO. 2:22-cv-04061
:
Plaintiff, :
:
v. : **CLASS ACTION COMPLAINT**
:
PHARMAVITE LLC, : **JURY TRIAL DEMANDED**
:
Defendant. :
:
---------------------------------------------------------- x

Plaintiff David Wittman ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this Class Action Complaint against Pharmavite LLC ("Defendant"), based upon personal knowledge as to himself, and upon information, investigation and belief of his counsel.

## SUMMARY OF THE ACTION

1. This class action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of its Nature Made® Extra Strength Chewable Vitamin C products (the "Products").

2. Specifically, Defendant has falsely and deceptively labeled the Products as being "Extra Strength." Based on this representation, reasonable consumers are led to believe that each tablet contained in the Products has a higher dose of Vitamin C than each tablet contained in Defendant's Nature Made® *regular strength* chewable Vitamin C products (the "Regular Strength Products").

1

3. Unbeknownst to consumers, the Products do not have a higher dose of Vitamin C per tablet than the Regular Strength Products. As such, the Products are not "Extra Strength" and are therefore falsely and deceptively labeled.

4. Plaintiff and Class members have reasonably relied on Defendant's deceptive labeling of the Products, reasonably believing that each tablet in the Products contains a higher dose of Vitamin C than each tablet of the Regular Strength Products.

5. Plaintiff purchased the Products and paid a premium price based upon his reliance on Defendant's "Extra Strength" representation. Had Plaintiff and Class members been aware that the Products were not in fact "Extra Strength," Plaintiff and Class members would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

## PARTIES

### I.  Plaintiff

6. Plaintiff Wittman is a citizen of New York and currently resides in Merrick, New York. Between 2021 and early 2022, Plaintiff purchased the Products from various retailers, including a Target, Walmart, and CVS located in Long Island, New York. Specifically, Plaintiff last purchased the Products in or around May 2022. In purchasing the Products, Plaintiff saw the "Extra Strength" representation on the front label of the Products and reasonably believed that each tablet in the Products had a higher dose of Vitamin C than each tablet of the Regular Strength Products. Had he known that the Products were not in fact extra strength, he would not have purchased the Products or would have paid substantially less for them.

## II. Defendant

7. Defendant Pharmavite LLC is a California corporation and maintains its headquarters in West Hills, California. Defendant, on its own and through its agents, is responsible for the formulation, ingredients, manufacturing, labeling, marketing, and sale of the Products in the United States, including in New York, and specifically in this District.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendant's home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

9. This Court has personal jurisdiction over Defendant because it conducts and transacts substantial business in New York, and intentionally and purposefully placed the Products into the stream of commerce within New York.

10. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District. Namely, Plaintiff purchased the Products in this judicial District.

## FACTUAL BACKGROUND

11. Defendant is in the business of manufacturing and selling dietary supplements, including its popular Nature Made® brand.

12. The "Products" at issue in this action are the following Nature Made products:

    a. Nature Made® Extra Strength Chewable Vitamin C, 60 Tablets; and

    b. Nature Made® Extra Strength Chewable Vitamin C, 90 Tablets.

13. Defendant has engaged in false and deceptive labeling of the Products. Specifically, Pharmavite, directly and/or through its agents, has falsely and deceptively labeled the Products as being "Extra Strength." *See below example.*




14. Based on the "Extra Strength" representation on the front label of the Products, reasonable consumers are led to believe that each chewable tablet contained in the Products has a higher dosage of Vitamin C than each chewable tablet in Defendant's Nature Made® regular strength chewable Vitamin C products (the "Regular Strength Products"). An example of the Regular Strength Product is displayed below.




15. Unbeknownst to consumers, an "apples to apples" comparison of the two products demonstrates that the Products do not in any way have a higher dosage of Vitamin C per chewable tablet than the Regular Strength Products. In fact, they are exactly the same.

16. To get 1000 mg of Vitamin C in the Products, a consumer is required to take two (2) chewable tablets, meaning that each tablet only has 500 mg of Vitamin C. However, each tablet of the Regular Strength Products *also contains only 500 mg of Vitamin C*.

17. Thus, consumers of the Products do not receive a higher dose of Vitamin C in the Products versus the Regular Strength Product.

18. As such, the Products are not "Extra Strength" and are therefore falsely and deceptively labeled.

19. As the entity ultimately responsible for the manufacturing, labeling, and sale of the Products, Defendant is responsible for the accuracy of the information conveyed about the Products, including on their labels.

20. Defendant knew or should have known that the "Extra Strength" representation on the Products is deceptive, and that reasonable consumers would believe that each chewable tablet in the Products has a higher dosage of Vitamin C than each chewable tablet in Defendant's Regular Strength Products.

21. Consumers are injured by the foregoing deceptive labeling because they pay a premium for the Products over the Regular Strength Products based on the "Extra Strength" representation. Indeed, based on a preliminary comparative analysis of market prices for the Products and the Regular Strength Products in June 2022 (see Table 1 below), the Products consistently command a price premium per serving and per bottle e*ven though they do not provide any additional benefit compared to the Regular Strength Products.*

Table 1.

| Retailer | Price for 150 tablet Regular Strength Product | Price per 1000mg dose of Regular Strength Product (75 doses) | Price for 90 tablet Extra Strength Product | Price per 1000mg dose of Extra Strength Product (45 doses) | Premium Per 1000mg Serving of Extra Strength Product | Premium Per Bottle of Extra Strength Product |
|---|---|---|---|---|---|---|
| Vitacost.com | $15.49[1] | $.21 | $11.31[2] | $.25 | $.04 | $1.80 ($.04 x 45 doses) |
| CVS.com | $23.49[3] | $.31 | $15.99[4] | $.36 | $.05 | $2.25 ($.05 x 45 doses) |
| Amazon.com | $16.99[5] | $.23 | $12.59[6] | $.28 | $.05 | $2.25 ($.05 x 45 doses) |
| Naturemade.com | $20.49[7] | $.27 | $14.69[8] | $.33 | $.06 | $2.70 ($.06 x 45 doses) |
| Target.com | $21.99[9] | $.29 | $15.89[10] | $.35 | $.06 | $2.70 ($.06 x 45 doses) |

---

[1] https://www.vitacost.com/nature-made-chewable-c-orange (last visited June 28, 2022).
[2] https://www.vitacost.com/nature-made-chewable-vitamin-c-extra-strength (last visited June 28, 2022).
[3] https://www.cvs.com/shop/nature-made-vitamin-c-chewable-tablets-500mg-prodid-1070779 (last visited June 28, 2022).
[4] https://www.cvs.com/shop/nature-made-extra-strength-chewable-vitamin-c-1000mg-tablets-90-ct-prodid-650456 (last visited June 28, 2022).
[5] https://www.amazon.com/Nature-Made-Chewable-Vitamin-500/dp/B018EAP21O/ref=sr_1_1_sspa?keywords=nature+made+vitamin+c+chewable&qid=1655444721&s=hpc&sprefix=nature+made+vitamin+c+che%2Chpc%2C140&sr=1-1-spons&psc=1&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUExQ1M5VDZUTUlQQU1UJmVuY3J5cHRlZElkP UEwNDY3Mjc1NzdVUzIyNUs5QzdYJmVuY3J5cHRlZEFkSWQ9QTA4NTIxNDdJT1FXRkhBUUZHVzUm d2lkZ2V0TmFtZT1zcF9hdGYmYWN0aW9uPWNsaWNrUmVkaXJlY3QmZG9Ob3RMb2dDbGljaz10cnVl (last visited June 28, 2022).
[6] https://www.amazon.com/Nature-Made-Strength-Chewable-Antioxidant/dp/B08FNG91XM/ref=sr_1_4?keywords=nature+made+vitamin+c+chewable&qid=1655444721&s=hpc&sprefix=nature+made+vitamin+c+che%2Chpc%2C140&sr=1-4 (last visited June 28, 2022).
[7] https://www.naturemade.com/products/chewable-vitamin-c-500-mg?variant=17895377567815 (last visited June 28, 2022).
[8] https://www.naturemade.com/products/nature-made-extra-strength-vitamin-c-1000-mg-chewables?variant=34272481443979 (last visited June 28, 2022).
[9] https://www.target.com/p/nature-made-chewable-vitamin-c-500-mg-tablets-150ct/-/A-10994372#lnk=sametab (last visited June 28, 2022).
[10] https://www.target.com/p/nature-made-chewable-c-1000mg-tablets-90ct/-/A-80377808#lnk=sametab (last visited June 28, 2022).

7

22. Had Plaintiff been aware that the Products were not extra strength, he would have purchased a different product, or paid significantly less for the Products. As such, Plaintiff and members of the putative Classes have been injured.

23. Plaintiff and members of the putative Classes were exposed to and justifiably relied upon the same material misrepresentation and suffered injury during the class period because: (1) each of the Products was labeled as "Extra Strength;" and (2) each of the Products was not extra strength when compared to the Regular Strength Products.

## CLASS DEFINITIONS AND ALLEGATIONS

24. Plaintiff brings this matter on behalf of himself and those similarly situated. Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiff seeks to represent the following class:

> All residents of the United States who purchased either of the Products for personal, family, or household consumption and not for resale within the applicable statute of limitation period ("Nationwide Class").

25. Additionally, as further described herein, Plaintiff brings claims based upon state consumer protection laws on behalf of the following subclasses:

> All residents of New York who purchased either of the Products for personal, family, or household consumption and not for resale within the applicable statute of limitation period ("New York Class").

26. The Nationwide Class and New York Class are referred to collectively as the "Class" or "Classes."

27. The following people and entities are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the

Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

29. **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records. At a minimum, there ae likely at least thousands of Class members.

30. **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

   a. whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

   b. whether reasonable consumers are likely to be misled by the "Extra Strength" representation on the Products;

   c. whether Defendant knew or should have known its representations were false or misleading;

   d. whether Defendant was unjustly enriched by retaining monies from the sale of the Products;

   e. whether certification of each Class is appropriate under Rule 23;

    f.   whether Plaintiff and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

    g.   the amount and nature of the relief to be awarded to the Plaintiff and the Classes.

31.   **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products. Plaintiff and the members of the Classes relied on the "Extra Strength" representation made by the Defendant about the Products prior to purchasing the Products. Plaintiff and the members of each Class paid a price premium for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that the "Extra Strength" representation was false.

32.   **Adequacy:** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Classes he seeks to represent; his claims are common to all members of the Classes and he has a strong interest in vindicating his and all other Class members' rights. Plaintiff has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action through judgment and appeal, if necessary.

33.   **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

34.   **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of

thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
*(On Behalf of the New York Class)*

35. Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

36. New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

37. The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the New York Class seek monetary damages against Defendant.

38. Defendant misleadingly, inaccurately, and deceptively advertise and market the Products to consumers.

39. Defendant's improper consumer-oriented conduct—including labeling the Products as "Extra Strength" when they are not —is misleading in a material way in that it, *inter alia*, induced Plaintiff Wittman and the New York Class Members to purchase and pay a premium for Defendant's Products when they otherwise would not have. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

40. Plaintiff and the New York Class have been injured inasmuch as they paid a premium for products that were—contrary to Defendant's representations—not "Extra Strength." Accordingly, Plaintiff and the New York Class Members received less than what they bargained and/or paid for.

41. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the New York Class have been damaged thereby.

42. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff Wittman and the New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350
*(On Behalf of the New York Class)*

43. Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

44. New York General Business Law § 350 provides, in part, as follows: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

45. GBL § 350-a(1) provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with

respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. …

46. Defendant's labeling of the Products as "Extra Strength" is a materially misleading representation inasmuch as the Products do not contain a higher dosage of Vitamin C per chewable tablet than the Regular Strength Products.

47. Plaintiff and the New York Class Members have been injured inasmuch as they relied upon the labeling of the Products and paid a premium for the Products which —contrary to Defendant's representations— do not contain a higher dosage of Vitamin C per chewable tablet than the Regular Strength Products. Accordingly, Plaintiff and the New York Class received less than what they bargained and/or paid for.

48. Defendant's labeling of the Products induced Plaintiff and the New York Class to buy Defendant's Products.

49. Defendant made the "Extra Strength" representation willfully, wantonly, and with reckless disregard for the truth.

50. Defendant's material misrepresentation was substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Products were exposed to Defendant's material misrepresentation.

51. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT
*(On behalf of the Nationwide Class, or in the alternative, the New York Class)*

52. Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

53. Plaintiff brings this claim for unjust enrichment individually and on behalf of the Nationwide Class, or in the alternative, the New York Class.

54. Plaintiff and members of the Classes purchased Defendant's Products and paid a premium for the Products. Defendant misrepresented that the Products are "Extra Strength," which commanded a price premium for the Products.

55. Defendant had knowledge of such benefit and obtained the benefit by its misrepresentation because that misrepresentation induced reasonable consumers to purchase the Products when they would not otherwise have purchased them or purchased them at the advertised price.

56. Defendant appreciated this benefit and knowingly accepted it at the expense of, and to the detriment of, Plaintiff and Classes. Defendant currently retains this benefit.

57. Defendant's acceptance and retention of the benefits is inequitable and unjust because the benefit was obtained by Defendant's misconduct detailed at length in this Complaint.

58. Equity cannot in good conscience permit Defendant to be economically enriched for such action at the expense of Plaintiff and Class, and therefore restitution and/or disgorgement of such economic enrichment is required.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of other members of the proposed Classes, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

a. Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

b. A declaration or declaratory judgment that Defendant's conduct has violated and continues to violate the statutes and laws cited herein;

c. An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and members of the Classes to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice;

d. An award of damages, including all available statutory and punitive damages, pursuant to the statutes and the causes of action pled herein;

e. Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and applicable, to prevent Defendant from retaining the benefit of its wrongful conduct;

f. an award of all recoverable costs and expenses, including reasonable fees for Plaintiff's attorneys; and

      g.    an award of pre- and post-judgment interest to Plaintiff and members each of the Classes if applicable; and, ordering further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: July 11, 2022                        **CUSTODIO & DUBEY, LLP**

                                                    By:   /s/ Robert Abiri

                                                    Robert Abiri (SBN 238681)
                                                    *E-mail: abiri@cd-lawyers.com*
                                                    445 S. Figueroa Street, Suite 2520
                                                    Los Angeles, CA 90071
                                                    Telephone: (213) 593-9095
                                                    Facsimile: (213) 785-2899

                                                    *Attorney for Plaintiff and the Putative Classes*